MONTGOMERY Y. PAEK, ESQ.
Bar No. 10176
AMY L. THOMPSON, ESQ.
Bar No. 11907
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:     702.862.8800
Fax No.:          702.862.8811
mpaek@littler.com
athompson@littler.com

Attorneys for Defendant
T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN PEOPLES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>T-MOBILE USA INC.; DOES I-X and, ROE Business Entities I-X,<br><br>　　　　　Defendant. | Case No. 2:22-cv-01544-JAD-DJA<br><br>**STIPULATION AND** ~~**PROPOSED**~~ **ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(SEVENTH REQUEST)** |

Pursuant to Local Rule IA 6-1 and Local Rule 26-3, Plaintiff STEPHEN PEOPLES ("Plaintiff"), and Defendant T-MOBILE USA, INC. ("Defendant") (collectively, the "Parties") stipulate to amend the Discovery Plan and Scheduling Order (ECF No. 32) by extending the outstanding discovery deadlines for a period of sixty (60) days.

This is the seventh request for an extension to the Discovery Plan and Scheduling Order in this matter. The requested extension is sought in good faith and not for purposes of delay. This request is submitted at least twenty-one (21) days or more before the expiration of the subject deadlines and is requested in order for the parties to complete remaining depositions that cannot be completed by the current close of discovery.

## DISCOVERY COMPLETED

The parties exchanged their initial disclosures and supplemented their disclosures. Requests for documents and written discovery were served and answered. The parties engaged in document production and Defendant took the deposition of the Plaintiff Stephen Peoples on August 24, 2023. The parties met and conferred multiple times to resolve various issues related to discovery. Defendant has issued and received responses to several third-party subpoenas. Defendant's counsel has met and conferred with Plaintiff's counsel regarding Plaintiff's medical records and issued a third-party subpoena for additional relevant medical records and has now received a response. Defendant noticed a third-party deposition of NERC investigator Richard Brown however Plaintiffs' counsel were not available on the requested date of that deposition and thus the parties are in the process of rescheduling that deposition.

Defendant has received additional medical records in response to a third-party subpoena. Defendant deposed a third-party witness, Plaintiff's doctor, on March 21, 2024. Plaintiff has issued deposition notices for former T-Mobile manager, Scott Chassereau to take place on April 10, 2024, in Las Vegas and a 30(b)(6) deposition notice to take place on April 11, 2024. Mr. Chassereau is unavailable on April 10th and the parties are in the process of discussing alternate dates. The parties also anticipate meeting and conferring on the proposed 30(b)(6) topics this week. Defendants are attempting to coordinate schedules to move other obligations to accommodate the 30(b)(6) deposition currently noticed for April 11, 2024, but have not yet been able to confirm that the deposition can proceed on that date.

## DISCOVERY REMAINING TO BE COMPLETED

Plaintiff will take the deposition of Scott Chassereau. Mr. Chassereau now resides in Mesquite, Nevada, and is not available for deposition in Las Vegas on April 10, 2024. Plaintiff will also take the 30(b)(6) deposition of T-Mobile. The parties will need to meet and confer on the proposed deposition topics which they anticipate doing in the next week and Defendants are working to coordinate schedules and move other obligations to accommodate the date Plaintiff has noticed this deposition of April 11, 2024, but have not yet been able to confirm that the deposition can proceed on that date.

Defendant previously noticed a third-party deposition of the NERC investigator who investigated Plaintiff's charge of discrimination however Plaintiff's counsel was not available on the previously requested date. Defendant has been working to accommodate re-scheduling this deposition with NERC such that this third-party deposition will not be able to be completed in the remaining discovery period.

**REASONS FOR REQUESTED EXTENSIONS**

This extension is necessary to allow the parties time to complete depositions. On March 7, 2024, Plaintiff served deposition notices to depose for former T-Mobile District Manager, Scott Chassereau and the 30(b)(6) representative for T-Mobile to take place on April 10th and April 11th. Such deposition notices requested alternative dates be proposed if the noticed dates were not available. Mr. Chassereau was out of state and out of pocket handling a family issue and defense counsel was unable to connect with him to discuss the April 10th deposition date and new proposed location for the deposition until March 25, 2024. Mr. Chassereau lives in Mesquite, Nevada and cannot travel to Las Vegas on April 10th for a deposition due to other prescheduled obligations. Alternative dates have not yet been proposed but the parties are diligently working on coordinating dates and times for this deposition and believe it can be completed in May. Based on Mr. Chassereau's availability and the availability of defense counsel, coupled with Plaintiff's counsel noticing the deposition to take place in Las Vegas, the deposition cannot be completed by the current April 16th close of discovery. The parties also need to meet and confer on the proposed 30(b)(6) deposition topics which they plan to do in the next week and Defendants are working to coordinate schedules and move other obligations to accommodate the date Plaintiff has noticed this deposition of April 11, 2024, however do not yet have confirmation that the April 11, 2024 date can work.

Defendant also previously noticed a third-party deposition of the NERC investigator who investigated Plaintiff's charge of discrimination however Plaintiff's counsel was not available on the requested date and had only limited dates available in the remaining discovery period to complete this deposition before the close of discovery. Defendant has been working to accommodate re-scheduling this deposition with NERC however in the midst of trying to re-

schedule, NERC's prior counsel obtained a new position and NERC only recently has been assigned new counsel such that this third-party deposition will not be able to be completed in the remaining discovery period.

Thus, due to scheduling conflicts among the parties as well as third party witnesses that the parties do not have control over, good cause exists to extend the discovery period.

**PROPOSED REVISED DISCOVERY PLAN**

| EVENT | CURRENT DEADLINE | NEW DEADLINE |
|---|---|---|
| Discovery Cut-Off Date | April 16, 2024 | June 17, 2024 |
| Dispositive Motions | May 16, 2024 | July 17, 2024 |
| Joint Pre-Trial Order | June 17, 2024, or 30 days after resolution of dispositive motions | August 16, 2024, or 30 days after resolution of dispositive |

The Parties make this stipulation in good faith and not for the purposes of delay.

Dated: March 26, 2024

/s/ Ruthann Devereaux-Gonzales, Esq.
LEON GREENBERG, ESQ.
RUTHANN DEVEREAUX-GONZALES, ESQ.
LEON GREENBERG PROFESSIONAL CORPORATION

JAMES P. KEMP, ESQ.
KEMP & KEMP, ATTORNEYS AT LAW

*Attorneys for Plaintiff*
STEPHEN PEOPLES

/s/ Amy L. Thompson, Esq.
MONTGOMERY Y. PAEK, ESQ.
AMY L. THOMPSON, ESQ.
LITTLER MENDELSON, P.C.

*Attorneys for Defendant*
T-MOBILE USA, INC.

**IT IS SO ORDERED.**

Dated: 3/27/2024

_____
UNITED STATES MAGISTRATE JUDGE

4890-3265-0930.1 / 066431-1120